IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON JAMES BELAKOVICH,<br><br>Defendant. | CR 18–06–BLG–DLC<br><br><br>ORDER |

Before the Court is Defendant Brandon James Belakovich's Unopposed Motion for Early Termination of Supervised Release. (Doc. 46.) Belakovich pled guilty to three counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a), and, on October 10, 2018, was sentenced to time served, followed by 5 years of supervised release. (Doc. 39 at 1–3.) Belakovich now seeks the premature termination of his remaining term of supervised release. (Doc. 46.) Neither the United States Attorney's Office or the United States Probation Office objects. (*Id.* at 1–2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to

the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Belakovich began his three-year term of supervised release on October 10, 2018, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Belakovich's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Belakovich waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Belakovich's supervised release is obviously favorable to him and the United States does not object. (Doc. 46 at 1–2.) Accordingly, the Court will dispose of this matter without a hearing.

U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Belakovich's remaining term of supervised release. Although the underlying offense conduct is serious, Belakovich's conduct while on supervised release is commendable. Belakovich has introduced evidence into the record demonstrating his commitment to a sober and healthy lifestyle. (Docs. 47-1 and 47-2.) The United States Attorney's Office and the United States Probation Office lack of objections to Belakovich's motion, supports the view that early termination is proper in this case. In short, the interests of justice and Belakovich's conduct on supervised release all support early termination in this matter. The Court wishes Belakovich the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 46) is GRANTED.

IT IS FURTHER ORDERED that Belakovich's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 19th day of May, 2022.

_____
Dana L. Christensen, District Judge
United States District Court

3